629 A.2d 204

Susan M. PAVONARIUS, Appellant,

v.

CITY OF ALLENTOWN, Mayor Joseph S. Dadonna, the City Council of the City of Allentown, the President Thereof, Watson Skinner, and the Individual Named Members Thereof, Emma D. Tropiano et al.

Commonwealth Court of Pennsylvania.

Argued May 13, 1993.

Decided July 13, 1993.

Gary M. Lightman, for appellant.

Glennis L. Clark, Asst. City Sol., for appellees.

Before COLINS and PELLEGRINI, JJ., and LORD, Senior Judge.

PELLEGRINI, Judge.

Susan M. Pavonarius (Pavonarius) appeals from an order of the Court of Common Pleas of Lehigh County, dismissing her complaint in mandamus and granting the preliminary objections of the City of Allentown, Mayor Joseph S. Dadonna, the City Council of the City of Allentown,[1] and Wayne T. Stephens, Chief of Police of the City of Allentown (collectively, the City of Allentown).

Pavonarius was hired as a police officer by the City of Allentown on September 18, 1986. On March 13, 1991, her driving privileges were recalled by the Department of Transportation pursuant to Section 1519(c) of the Vehicle Code, 75

1. The preliminary objections were also filed by Watson Skinner, the president of the City Council, and individual named members of City Council, including Emma D. Tropiano, Dennis J. Cramsey, Peter B. Faleski, Ben S. Howells, Jr., Frank J. Palencar and Ernest E. Toth.

Pa.C.S. § 1519(c),[2] because she had been diagnosed as suffering from epilepsy. Because her license was suspended, Pavonarius received a letter dated March 20, 1991, from Police Chief Stephens stating that due to her medical condition, she was being placed on sick leave and she should apply for a disability pension. The letter further advised that if she did not apply for such pension, she would be dismissed from her employment.[3] By letter dated May 31, 1991, Police Chief Stephens terminated Pavonarius from employment effective immediately on the basis that she was unable to perform her job as a police officer.[4] No hearing was offered to Pavonarius or held prior to her termination.

Pavonarius filed a complaint in mandamus against the City of Allentown seeking reinstatement to her position and all back pay and attendant benefits. She alleged that the City of Allentown had unjustly and unlawfully removed her from her

2. Section 1519(c) of the Vehicle Code provides in relevant part that the department shall recall the operating privilege of any person whose incompetency (either physical or mental) has been established under the provisions of this chapter. The recall shall be for an indefinite period until satisfactory evidence is presented to the department in accordance with regulations to establish that such person is competent to drive a motor vehicle.

3. The letter stated:
Dear Officer Pavonarius:
We understand that your driver's license has been suspended for one year. We are also in possession of a report from Dr. Wills in which he had advised you not to operate a motor vehicle and not work with any potentially dangerous equipment, including firearms. Under these circumstances, we must unfortunately conclude that you cannot discharge your duties as a police officer for the City of Allentown. In light of the above, we are willing to grant you ten days paid sick leave, during which time we strongly advise you to make application for a disability pension. Should such application not be made, we will have no alternative but to seek your dismissal from employment with the department.
Please advise us of your intentions within the next 72 hours.

4. That letter stated:
Dear Ms. Pavonarius:
Based on an opinion by H. Donald Wills, M.D., a Board-certified neurologist, the City has concluded that it is obvious that you are not able to function as a police officer.
Under the circumstances, the City has no alternative but to terminate your employment effective immediately.

position because it had failed to hold a hearing on the matters related to her termination prior to that action being taken. In response to her complaint, the City of Allentown filed preliminary objections in the nature of a demurrer. It argued that because Pavonarius was appointed pursuant to the Civil Service provisions of the Third Class City Code,[5] she only possessed a right to a hearing before City Council prior to termination if she were being terminated for misconduct. *See* Section 4408 of the Third Class City Code, 53 P.S. § 39408.[6] Because Pavonarius was terminated due to a medical problem, the City of Allentown concluded that she was not entitled to such a hearing. The City of Allentown further argued that Pavonarius had other adequate remedies, and mandamus was inappropriate because she had the opportunity to file a grievance under the police Collective Bargaining Agreement (Agreement) after she was terminated.

The trial court granted the City of Allentown's preliminary objections and dismissed Pavonarius' complaint. It found that mandamus was inappropriate because Pavonarius did not have a clear right to continued employment. In effect, the trial court agreed with the City of Allentown's contention that Pavonarius only had a property right to continued employment requiring a hearing if the reason for her dismissal was willful misconduct. If dismissed for other reasons, she had no right to continued employment or to a hearing prior to that termination because no property right was affected. The trial court based this contingent right to continued employment on the reason for her termination and on the Agreement with the police, which provided that the City of Allentown retained the

5. Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §§ 39401–39410.

6. That section provides in pertinent part the following:

All employes subject to civil service shall be subject to suspension by the director of the department for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the department, pending action by the city council upon the charges made against any of such employes. On hearing before the city council, where they may be represented by counsel, they may be fined or suspended for a period not exceeding thirty days with or without pay, or they may be discharged by city council, if found guilty of the charges made against them.

right to manage its business which, by necessity, included the right to terminate an employee for medical disability, and took away any right to continued employment for police officers when terminated for such a reason. The trial court stated, however, that because the Agreement was silent on the issue of termination for a non-disciplinary reason, Pavonarius could not be considered to have an adequate remedy in the Agreement. Pavonarius then filed this appeal.

■ Mandamus is available to compel the performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and the want of any other adequate and appropriate remedy. *Atlantic–Inland, Inc. v. The Board of Supervisors of West Goshen Township*, 48 Pa.Commonwealth Ct. 397, 410 A.2d 380 (1980). No matter the reason for her dismissal, Pavonarius argues that the trial court erred in dismissing her complaint in mandamus because she was a police officer entitled to civil service protection and was not subject to dismissal at will. As a result, she had a property right to continued employment. She further argues that she does not have any other adequate remedy to resolve this matter because a hearing prior to her termination, which she was not afforded, was required, regardless of the availability of any post-deprivation remedies. We agree.

■ An individual employed by a local agency is an at-will employee and does not enjoy a property right in her employment unless she has an expectation of continued employment guaranteed by contract or statute. *Gough v. Borough of Norristown*, 66 Pa.Commonwealth Ct. 401, 444 A.2d 839 (1982). *See also McCorkle v. Bellefonte Area Board of School Directors*, 41 Pa.Commonwealth Ct. 581, 401 A.2d 371 (1979); *Fair v. Delaney*, 35 Pa.Commonwealth Ct. 103, 385 A.2d 601 (1978). Section 4408 of the Third Class City Code, 53 P.S. § 39408, states that an employee subject to civil service may only be discharged for misconduct after a hearing before City Council. Under this provision, as long as a police officer can perform his or her duties, he or she has a property

right to continued employment until such time that they are dismissed. Because Pavonarius was appointed to her position as a police officer pursuant to the civil service provisions of the Third Class City Code, she has a property right in continued employment as does any police officer, and that right is in no way limited by the reason for discharge.

■ Because Pavonarius has a property right to continued employment, she has both a constitutional right under the Fourteenth Amendment as well as a statutory right in Pennsylvania to a due process hearing. The Fourteenth Amendment to the United States Constitution provides that no state shall deprive any person of life, liberty or property without due process of law. The issue of due process rights as they apply to the termination of public employees has been addressed by the United States Supreme Court in the landmark case of *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In *Loudermill*, the court held that due process requires that a hearing be given to a civil servant who has a property right to continued employment prior to being terminated, regardless of the reason.

■ The purpose of this hearing is to give the individual being deprived of a property right to continued employment, either by suspension or termination, the opportunity to respond to allegations made against her before she is deprived of that significant property interest. This also allows the public employer the opportunity to correct its action based on any misapprehension of facts that led to its action against the public employee. Because such a hearing is not held to definitively resolve the propriety of the termination but is only to give the terminated employee the opportunity to respond to the allegations against her and to allow the employer to cure a mistaken suspension or discharge, absent any statutory requirement, a full-blown hearing is not required and the employee is not entitled to a full panoply of rights. *Id.* 470 U.S. at 534, 105 S.Ct. at 1489. Only a meeting with the employer or a written notice sent by the employer to the employee

setting forth the reasons for her termination and requesting the employee to respond in writing to the allegations is necessary to satisfy the basic due process rights guaranteed by *Loudermill.*

█ Even though the Fourteenth Amendment only requires this basic notice explaining the reason for dismissal and an opportunity for the public employee to respond, Pennsylvania requires a full-blown due process hearing, if requested by the employee, for the adjudication to be valid. In discharge cases for misconduct involving police officers of cities of the Third Class, Section 4408 of the Third Class City Code[7] provides police officers with a full-blown adversarial hearing before City Council prior to termination becoming effective for those City of Allentown police officers who are being dismissed due to misconduct. When police officers are not discharged for misconduct, but, as here, for unfitness for service, they have a property right to continued employment, and are protected under Section 553 of the Local Agency Law, 2 Pa.C.S. § 553, which sets forth the procedure to contest the charges:

No adjudication of a local agency shall be valid as to any part *unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard.* All testimony may be stenographically recorded and a full and complete record may be kept of the proceedings. (Emphasis added.)

█ In this case, the City of Allentown sent Pavonarius a letter terminating her based on allegations that she was unable to perform her job.[8] However, despite requesting an opportunity to respond to those allegations, she was not afforded any hearing, and, consequently, was denied due

---

**7.** Other local governments have similar provisions. *See* the Police Tenure Act, Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §§ 811–816.

**8.** That letter constituted an adjudication pursuant to 2 Pa.C.S. § 101, which defines an adjudication as any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, of any or all of the parties to the proceeding in which the adjudication is made. Although Pavonarius argues that the letter did not constitute an adjudication because only City Council and not the Police Chief had the power to fire her, the effect of the letter was termination from her employment.

process. Prior to her being dismissed, she is entitled to notice of the reasons for her dismissal and an opportunity to respond. Moreover, under the Local Agency Law, she is entitled to a hearing to challenge the decision to terminate her.

Because Pavonarius was denied due process and the City of Allentown is under a ministerial duty to provide her the requisite opportunity to respond by providing a local agency hearing, the trial court improperly dismissed her complaint. Accordingly, the order of the trial court is vacated. Pavonarius' complaint in mandamus is reinstated and the case remanded.

## ORDER

AND NOW, this 13th day of July, 1993, the order of the Court of Common Pleas of Lehigh County dated August 5, 1992, is vacated. Susan M. Pavonarius' complaint in mandamus is reinstated and the case remanded to the trial court.