648 A.2d 1285

Barbara A. JARUSZEWICZ, Petitioner,

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1994.

Decided Sept. 23, 1994.

Reargument Denied Nov. 18, 1994.

Richard T. Ruth, for petitioner.

Patience Robinson Nelson, for respondent.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Barbara A. Jaruszewicz appeals from an order of the State Civil Service Commission (Commission) sustaining the action of the Pennsylvania Department of Environmental Resources (DER). DER suspended Jaruszewicz for one day from regular Park Ranger 2 employment, effective February 26, 1993.

The facts of this case, as found by the Commission, are as follows. Jaruszewicz is employed by DER as a Park Ranger 2 at Presque Isle State Park. During Jaruszewicz's employment, Anthony Freitas (Rico), a former park ranger, died in November 1992.[1] Rico had a girlfriend named Alice Weary (Weary).

On or about January 7, 1993, Jaruszewicz had a conversation with Weary at a local drug store. During this conversation, Jaruszewicz suggested that Weary bring a lawsuit against the Commonwealth of Pennsylvania for Rico's death. Jaruszewicz told Weary that the safety of the park was real low and that the park officials did not seem to be concerned with the employees' safety.

Present during this conversation between Weary and Jaruszewicz were Jaruszewicz's nine year old daughter Julie, Jaruszewicz's husband Joseph, and Weary's fifteen year old daughter Jennifer. Jennifer Weary was standing beside Weary during the conversation and Julie Jaruszewicz was standing with Jaruszewicz. Joseph Jaruszewicz was standing approximately ten to fifteen feet away from where Jaruszewicz and Weary were engaging in the conversation.

On January 9, 1993, Weary informed Richard Fischer, a park employee, about the conversation Weary had with Jaruszewicz at the drug store. As a result, John Houghton, assistant park manager, conducted an investigation of the incident.

On January 11, 1993, Houghton met with Jaruszewicz and informed her that someone who knew Rico had alleged that she had made statements to this person encouraging a lawsuit against the Commonwealth. Jaruszewicz denied making such statements to anyone.

Houghton met with Jaruszewicz a second time on January 25, 1993 and informed Jaruszewicz that Weary was the indi-

1. The Commission noted that although it was not clear from the record, it appeared that Rico's death occurred while he was working at Presque Isle State Park.

vidual who had made the allegations. A union representative accompanied Jaruszewicz to this meeting.

At this second meeting, Jaruszewicz denied having a conversation with Weary. After Houghton told Jaruszewicz that the conversation took place at the drug store, Jaruszewicz stated that she merely waved to Weary. Thereafter, Jaruszewicz engaged in a private conversation with her union representative after which Jaruszewicz informed Houghton at this January 25, 1993 meeting that she did have a conversation with Weary at the drug store.

After the January 25, 1993 meeting, Houghton contacted and spoke with Weary's daughter Jennifer, who told him that she heard Jaruszewicz say to her mother that Weary should have filed a suit against the Commonwealth for Rico's death.

By letter dated February 25, 1993, Jaruszewicz was suspended by DER for one day from her position as Park Ranger 2, regular status, effective February 26, 1993, on the charge of failure to tell the truth and continued misrepresentation of the truth involving a recent incident. Jaruszewicz appealed her suspension to the Commission which, after a hearing, dismissed her appeal.

In sustaining the action of DER, the Commission concluded that DER had presented evidence establishing good cause for Jaruszewicz's suspension under section 803 of the Civil Service Act (Act).[2] 71 P.S. § 741.803. This appeal followed.

■ This court's scope of review in civil service cases is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *Department of Environmental Resources v. Bartal,* 151 Pa.Commonwealth Ct. 603, 618 A.2d 1062 (1992).

On appeal, Jaruszewicz presents two issues for review: (1) whether Jaruszewicz's pre-disciplinary due process rights were violated; and (2) whether the decision of the Commission

2. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1— 741.1005.

dismissing Jaruszewicz's appeal and upholding the one-day suspension is supported by substantial evidence.

First, Jaruszewicz contends that as a civil service employee, she is entitled to pre-disciplinary due process and that these rights were violated when she was deprived of (1) adequate notice of the charges; (2) a meaningful opportunity to respond; and (3) fundamental fairness in the procedures used.

Section 803 of the Act provides, in part, that:

> An appointing authority may for good cause suspend without pay for disciplinary purposes an employe holding a position in the classified service. . . . An appointing authority shall forthwith report to the director in writing every suspension, together with the reason or reasons therefor, and shall send a copy of such report to the suspended employe. Such report shall be made a part of the commission's public records.

71 P.S. § 741.803.

Section 950 of the Act provides that:

> Every person in the classified service shall be furnished with written notice of any personnel action taken with respect to him pursuant to the provisions of this act. Such notice, a copy of which shall be submitted to the commission, shall be furnished within time limits prescribed by the rules of the commission. The notice shall in the case of the permanent separation, suspension for cause, or demotion of a regular employe set forth the reason or reasons for the action.

71 P.S. § 741.950.

To support her argument that her pre-disciplinary rights have been violated, Jaruszewicz relies upon the United States Supreme Court's decision in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In *Loudermill*, a civil employee, who was a classified civil servant, was terminated by the Cleveland Board of Education for dishonesty on his job application. The civil servant was not afforded an opportunity to respond to the dishonesty charge or to challenge the dismissal. The civil servant appeal-

ed his termination to the state civil service commission which upheld the dismissal. Thereafter, the civil servant brought suit in federal court alleging that the Ohio statute providing for administrative review was unconstitutional on its face because it provided no opportunity for a discharged employee to respond to charges against him prior to removal.

The Supreme Court held that some form of pre-termination due process was required in order to balance the competing interests at stake. The interests referred to by the Supreme Court were the private interest in retaining employment, the governmental interest in the expeditious removal of unsatisfactory employees and the avoidance of administrative burdens, and the risk of an erroneous termination.

The Supreme Court concluded that the pre-termination hearing need not be elaborate. The essential requirements of due process, the Supreme Court reiterated, are notice and an opportunity to respond. The Supreme Court stated that "[t]he opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement." *Loudermill*, 470 U.S. at 546, 105 S.Ct. at 1495.

DER contends that *Loudermill* is inapplicable to the present case because it involves a suspension and not a termination. We disagree.

In *Portnoy v. Pennick*, 595 F.Supp. 1000 (M.D.Pa.1984), a civil servant was suspended for two months from his position with the Pennsylvania Liquor Control Board. The federal district court, in applying Pennsylvania's Civil Service Act (Act), held that under the Act, a civil servant has a property right in continued employment and cannot be suspended (or removed) for just cause without due process of law.[3]

While *Portnoy* did not apply the holding in *Loudermill* in reaching the conclusion that a civil servant cannot be suspended for just cause without due process of law, the federal

---

3. As stated in the text of this opinion, a civil servant may not be suspended or removed under the Act except for just cause. *See* 71 P.S. § 803.

district court did find that a suspension, like a termination, may result in a deprivation of a property right if such disciplinary action is taken in violation of a civil servant's due process rights. This court agrees that a civil servant cannot be deprived of that property right, either by suspension or termination, without satisfying that civil servant's pre-disciplinary due process rights.

Furthermore, in the recent decision of *Pavonarius v. City of Allentown,* 157 Pa.Commonwealth Ct. 116, 629 A.2d 204 (1993), a termination case, this court discussed the landmark case of *Loudermill* and the due process requirement that a hearing be given to a civil servant who has a property right to continued employment prior to being terminated.

In *Pavonarius,* this court stated that "[t]he purpose of this [pre-disciplinary] hearing is to give the individual being deprived of a property right to continued employment, either by suspension or termination, the opportunity to respond to allegations made against her before she is deprived of that significant property interest." *Id.* at 122, 629 A.2d at 207. This court went on to state that "[o]nly a meeting with the employer or a written notice sent by the employer to the employee setting forth the reasons for her termination and requesting the employee to respond in writing to the allegations is necessary to satisfy the basic due process rights guaranteed by *Loudermill.*" *Id.*

■ Accordingly, we hold that a civil servant employed in the classified civil service as governed by the Act may not be suspended without being afforded pre-disciplinary due process as set forth by the United States Supreme Court in *Loudermill* and this court in *Pavonarius.*

■ Therefore, the next question we must address is whether or not Jaruszewicz was suspended in violation of her pre-disciplinary due process rights. DER contends that the park management provided two opportunities for Jaruszewicz to hear and answer charges, thereby more than satisfying the requirements of *Loudermill.* We disagree.

Although Jaruszewicz met twice with Houghton regarding the complaint against her, it was not until the second meeting on January 25, 1993, that she was informed of the identity of her accuser and the specific circumstances surrounding the complaint against her. During the first meeting, Jaruszewicz was only informed that someone who knew Rico had alleged that Jaruszewicz made statements to this person encouraging a lawsuit against the Commonwealth.

Regarding the second meeting, Houghton testified before the Commission that he told Jaruszewicz that he would look into the incident further and possibly get the parties together at the next meeting. Reproduced Record (R.), p. 50a. Houghton also testified that during this meeting Jaruszewicz informed him that her family was with her and may have witnessed the conversation. R., p. 53a.

Houghton testified, however, that after the conclusion of the second meeting on January 25, 1993, he only contacted Jennifer Weary, Weary's daughter, to ascertain her remembrance of the conversation. *Id.* Houghton did not interview Jaruszewicz's family members nor hold another meeting prior to notifying Jaruszewicz by written letter on February 25, 1993 that she was being suspended for one day effective February 26, 1993.

We believe that this was a violation of Jaruszewicz's pre-disciplinary due process rights in that Jaruszewicz was not given an adequate opportunity to respond to the complaint against her before she was formally suspended and deprived of her right to continued employment. Houghton's investigation of the incident violated the fundamental fairness of due process.

Although Jaruszewicz did have an opportunity to respond to the complaint against her at the second meeting with Houghton, Houghton's actions also left the impression that he would be holding another meeting prior to taking any disciplinary action. As a result, Houghton stripped Jaruszewicz of the opportunity to fully respond to the complaint prior to being deprived of her right to continued employment by indicating

to Jaruszewicz that she would have such an opportunity at another meeting and then not holding such a meeting.

Accordingly, the order of the Commission is reversed.[4]

## ORDER

NOW, this 23rd day of September, 1994, the order of the State Civil Service Commission, dated October 19, 1993, at Appeal No. 17558, is hereby reversed.

SILVESTRI, Senior Judge, dissents.

---

4. Due to our holding that Jaruszewicz's pre-disciplinary due process rights were violated, we need not address whether the Commission's findings are not supported by substantial evidence.