**GLENN'S DAIRY, INC., Appellant,**

v.

**The CITY OF PITTSBURGH and Paul Hannigan, in his official capacity as, Treasurer of the City of Pittsburgh.**

Commonwealth Court of Pennsylvania.

Argued March 12, 1996.

Decided April 30, 1996.

Julius A. Ray, II, for Appellant.

Ronald H. Pferdehirt, for Appellees, City of Pittsburgh and the Director of Finance.

Before DOYLE and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Glenn's Dairy, Inc. (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which dismissed Appellant's complaint seeking mandamus to compel a sale and conveyance of property by treasurer sale. We affirm.

The City of Pittsburgh (City) acquired title to thirteen properties as a result of various treasurer's sale proceedings. Appellant entered into negotiations with the City in order to purchase these aforementioned properties pursuant to the Second Class City Treasurer's Sale and Collection Act (Act), Act of October 11, 1984, P.L. 876, 53 P.S. §§ 27101–27605. Appellant submitted a signed proposal to purchase the properties for $8,000 on May 24, 1993. A proposal to purchase must be approved by the City council, the mayor of the City of Pittsburgh and the trial court, which includes the rights of others to bid or contest said proposal to purchase pursuant to the City's Finance Department's regulation (regulations) promulgated pursuant to Section 601 of the Act, 53 P.S. § 27601.

The City council and the mayor approved Appellant's proposal, thereby authorizing the City to petition the trial court for approval of the proposed sale. Appellant thereafter secured insurable title reports for the properties and the City filed a petition to quiet title and approved sale of real estate in the trial court.

Pursuant to the City's regulations concerning proposed sales, notices were published in the Pittsburgh Legal Journal and the Pittsburgh Post Gazette on June 7, 1994. Thereafter, on July 7, 1994, Raymond L. Burgess (objector) filed a written objection and a deposit of $800 with the City and the trial court set a date for the purpose of conducting an auction for the properties between Appellant and objector. On October 6, 1994, Appellant filed a complaint in mandamus seeking to compel the sale and conveyance of property previously approved by the City, to Appellant.

On November 14, 1994, Appellant filed a petition to stay the sale and conveyance of property by treasurer's sale pending a ruling on Petitioner's complaint in mandamus. On that same date, the trial court conducted a hearing on Appellant's petition which, following the hearing, the trial court denied. Also, the trial court, on the record, dismissed Appellant's complaint seeking mandamus to compel sale and conveyance of property by treasurer's sale. Immediately following these aforementioned rulings, the trial court commenced an auction between Appellant and objector and the properties were awarded to Appellant for a high bid of $17,500. An appeal to this Court based upon the trial court's dismissal of Appellant's complaint seeking mandamus to compel sale and conveyance of property by treasurer's sale followed.

■ On appeal before this Court,[1] Appellant argues that the trial court erred in dismissing its complaint in mandamus as Appellant has a legal right to purchase the properties in question for the original purchase price of $8,000, as approved by the mayor and City council. Appellant asserts that the trial court erred in finding that the City did follow the applicable regulations promulgated by the City's Finance Department.

■ A mandamus action is an extraordinary writ grounded in common law in which a court of competent jurisdiction can compel a public official, board or municipality to perform a mandatory duty or ministerial act, but only when: (1) the plaintiff has a legal right to enforce the performance of that act, (2) the defendant has a corresponding duty to perform the act, and (3) there is no adequate or appropriate remedy at law. *Lower Merion School District v. Montgomery County Board of Assessment Appeals,* 164 Pa.Cmwlth. 15, 642 A.2d 1142 (1994).[2]

■ The trial court dismissed Appellant's complaint finding that Appellant had no legal right to purchase the properties in question, as the regulations specifically state that an individual has the right to object to a proposed sale and may submit an objection bid for the property in the trial court.

Appellant argues that the regulations were not followed by the City as the objector in this case did not file his objections within thirty days, as required by the regulations.

Section 7 of the regulations requires the advertising of a proposed sale of property in a newspaper of general circulation. Thereafter, an objector has thirty days in which to object in writing to the proposed sale and to deposit hand money as part of this objection bid. Our review of the record reveals that the advertisements of the proposed sale occurred on June 7, 1994 and that the objector filed a written objection as well as a deposit

of $800 in hand money on July 7, 1994. Therefore, the regulations at issue were executed correctly by the City and the trial court did not err in dismissing Appellant's complaint in mandamus.

Appellant's petition seeking mandamus to compel the sale and conveyance of property by treasurer's sale, as a result, fails to fulfill the first requirement needed in order to pursue a successful mandamus action. In this case, Appellant did not show that it had a clear legal right to have the City ordered to sell and convey the properties to Appellant for the original approved purchase price of $8,000. The regulations clearly and specifically allow for an objector to submit an objection bid to the proposed sale. Therefore, the trial court did not commit an abuse of discretion or an error of law in dismissing Appellant's complaint seeking mandamus to compel sale and conveyance of property by treasurer's sale.

Accordingly, we affirm.

## ORDER

AND NOW, this 30th day of April, 1996, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

FRIEDMAN, Judge, dissenting.

I respectfully dissent. Because Glenn's Dairy, Inc. (Appellant) opted to bid on the City of Pittsburgh's thirteen properties at the auction which followed the dismissal of Appellant's complaint in mandamus by the Court of Common Pleas of Allegheny County; because Appellant evidenced at that time a willingness to pay more than twice the amount that he had previously offered; and because, having won the bidding, the proper-

---

1. Our scope of review of an order in mandamus is to determine whether the trial court abused its discretion or committed an error of law. *Board of Commissioners of South Whitehall Township v. Toll Brothers, Inc.,* 147 Pa.Cmwlth. 298, 607 A.2d 824 (1992), *appeal denied,* 533 Pa. 621, 619 A.2d 702 (1993).

2. *See also J.B. Steven, Inc. v. Board of Commissioners of Wilkens Township,* 164 Pa.Cmwlth. 315, 643 A.2d 142 (1994), *appeal denied,* 539 Pa. 671, 652 A.2d 841 (1994) and *Pavonarius v. City of Allentown,* 157 Pa.Cmwlth. 116, 629 A.2d 204 (1993).

ties now belong to Appellant, I believe the issue before this court is moot.