PENNSYLVANIA STATE TROOPERS
ASSOCIATION and Thomas
Scales, Petitioner,

v.

PENNSYLVANIA STATE POLICE and
Pennsylvania State Police Board of
Appeals, Respondents.

Commonwealth Court of Pennsylvania.

Argued April 9, 2002.
Decided May 31, 2002.

Sean T. Welby, Harrisburg, for petition-
ers.

Frank A. Fisher, Harrisburg, for respondents.

Before FRIEDMAN, J., COHN, J., and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Petitioners Pennsylvania State Troopers Association (PSTA) and Thomas Scales petition for review of the September 4, 2001 order of the Pennsylvania State Police Board of Appeals (Board) that affirmed a decision of the Pennsylvania State Police (PSP) to withhold $19,381.82 from Scales' final pay for damage to a PSP vehicle. Also before the Court for disposition is a motion to quash on jurisdictional grounds filed on behalf of Respondents PSP and the Board. For the reasons that follow, we deny Respondents' motion to quash, vacate the Board's order and remand for further proceedings.

Inasmuch as the Board made no findings of fact, this Court refers to the factual history set forth in the June 26, 2001 Opinion and Award of Arbitrator John J. Morgan in a related matter. Scales, a PSP trooper, retired on January 7, 2000, as a sergeant with twenty-four years of service. On December 2, 1999, while off duty, Scales was involved in a one-car accident in an unmarked PSP vehicle. The vehicle, a 1999 Ford, was totaled. Scales was subsequently charged with driving under the influence and several summary traffic violations.

On January 3, 2000, Scales submitted his formal application for superannuation retirement benefits, to become effective January 17, 2000. On January 18, 2000, PSP's Troop R Administrative Supervisor submitted a Form SP 3–404 *Loss or Damage to Commonwealth Property or Equipment Report* (loss/damage report), which was endorsed by the Troop Commander. The loss/damage report indicated that the value of the vehicle was $18,800. The report also noted that Scales was off duty when the accident occurred, that he was not authorized to use the vehicle and that he had been charged with driving under the influence of alcohol.

PSP's Personnel Benefits Director (Benefits Director) began processing Scales' request for retirement benefits, which included accumulated sick and annual leave pay. However, the Benefits Director was notified to delay the payment beyond the standard two-week processing period. In March 2000, the Benefits Director was notified to issue the payment to Scales, but to withhold monies representing the value of the damaged vehicle.

In an April 6, 2000 letter addressed to Scales, PSP's Deputy Commissioner of Administration stated that he had reviewed the circumstances surrounding the accident, which resulted in losses to the Commonwealth in the amount of $19,381.32. The Deputy Commissioner further stated that inasmuch as those losses were the result of Scales' unauthorized use of the vehicle and numerous violations, the amount of those losses would be deducted from monies to be paid to Scales for the balance of his unused leave.

Consequently, the Benefits Director subsequently deducted $19,700.00 from Scales' last two days of pay and unused leave. On April 28, 2000, Scales received a check for the remaining balance.

On May 12, 2000, the PSTA filed a grievance under the parties' collective bargaining agreement (CBA) alleging that the PSP violated the discipline and sick leave provisions of the CBA by withholding monies from Scales' accumulated leave payment. Arbitrator Morgan was selected to hear the dispute. The PSP, however, contended that the grievance was not substantively arbitrable because it dealt with is-

sues under PSP Field Regulation (F.R.) 4–1 and, therefore, could only decided by the Board in accordance with Article 28, Section 10 of the CBA.[1]

On May 1, 2001, the Arbitrator held a hearing limited to the issue of arbitrability. The PSP again argued that the deduction from Scales' leave payment was not a disciplinary action, but rather a reimbursement action taken in accordance with F.R. 4–1 and, therefore, could only be reviewed by the Board. In response, the PSTA argued that the deduction was disciplinary in nature and was not subject to the Board's review because damage to vehicles was excluded from F.R. 4–1 and also because PSP did not comply with F.R. 4–1 in seeking reimbursement.

In his opinion, the Arbitrator stated:

Although the notice from the Deputy Commissioner of Administration was dated April 6, 2000, the grievant testified that he did not receive it until after he received his final payout check April 28, 2000. He also testified unrebutted that he never was provided a copy of the SP 3–404 form or the two General Investigation Reports which concluded that the grievant was grossly negligent and should be liable for reimbursement. The two General Investigation Reports are dated July 20 and September 25, 2000, months after the reimbursement was effected. There was no administrative review as prescribed by FR 4–1.06. The former Deputy Commissioner of Administration and current Deputy Commissioner of Operations conceded in his testimony that the PSP had not complied with the required procedures under FR 4–1. *These asserted procedural and due process deficiencies are not without some degree of merit.* Nevertheless, they are irrelevant to the basic issue of arbitrability.

The asserted deficiencies can be argued to the Board of Appeal as provided for in FR 4–1. The PSP conceded at arbitration and in its brief that the grievant still has recourse to the Board. That is the proper forum for the grievant to seek his remedy of recovery of the funds in question.

Arbitrator's Opinion at 10; R.R. 19a (emphasis added).

On July 12, 2001, the PSTA requested a hearing on the matter before the Board. On July 23, 2001, the PSP confirmed that the Board would meet on August 6, 2001 and that the PSP had sent the Board information about the case. Neither the PSTA nor Scales was sent a copy of the information the PSP provided. On August 1, 2001, Scales submitted an appeal to the Board which set forth his contentions and requested a hearing. However, the Board did not respond either to Scales' or the PSTA's requests and he was not notified of any hearing.

Nevertheless, on August 6, 2001 the Board met to consider Scales' appeal. Neither the PSTA nor Scales was present. On September 4, 2001, the Board issued a one-paragraph decision wherein it stated: "The Pennsylvania State Police decision to withhold monies from Sergeant Scales (Retired) for damage to a Department ve-

---

**1.** Article 28, Section 10 of the CBA provides:

All issues dealing with the application of compensation and reimbursement under FR 4–1, Loss of or Damage to State Property or Equipment, and FR 5–1, Travel & Subsistence, as presently written or modified by the Department, shall be submitted to a Board made up of one representative from the Department, one from the Office of Administration and one from the PSTA. The findings of the Board shall be final and binding. It is understood by the parties that the Board shall have no authority to amend the Commonwealth's travel regulations.

*See* Arbitrator's Opinion at 5; R.R. 14a.

hicle is affirmed and Sergeant Scales (Retired) will not be reimbursed for the monies he has paid to the Commonwealth for the vehicle loss." Board's Decision, Original Record, Item No. 8.

Petitioners timely petitioned this Court for review of the Board's order.[2] Respondents, however, filed preliminary objections alleging that the Board's order was neither an appealable agency adjudication nor an Act 111[3] arbitration award. Therefore, Respondents contend that this Court should dismiss the petition for review due to lack of jurisdiction. We will treat Respondents' preliminary objections as a motion to quash and they will be addressed in conjunction with the issues raised by the Petitioners.

In their petition, Petitioners contend (1) that the Board's order is an adjudication of a Commonwealth agency subject to review under the Administrative Agency Law (Agency Law), 2 Pa.C.S. §§ 501–508, 701–704; (2) that if not an agency adjudication, the Board's order is a grievance arbitration award subject to this Court's narrow certiorari review; and (3) that the Board's order should be vacated regardless of its nature because the Board did not provide Petitioners with either notice of a hearing or opportunity to be heard prior to entry of its order.

Petitioners' first argument is that the Board's order is an adjudication of a Commonwealth agency subject to review under Section 702 of the Agency Law, 2 Pa.C.S. § 702, which provides: "Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals...." Petitioners point out that "adjudication" is defined in 2 Pa.C.S. § 101 as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities, or obligations of any or all of the parties to the proceeding in which the adjudication is made."

Section 1.01 of PSP F.R. 4–1 provides in pertinent part:

> The purpose of this regulation is to establish policy and procedures concerning loss of or damage to Commonwealth property or equipment. The procedures set forth in this regulation are designed to enable a determination of whether personnel will be required to reimburse the Commonwealth for the cost of replacement or repair of lost or damaged Commonwealth property.

*See* Arbitrator's Opinion at 6; R.R. 15a.

Further, Section 1.03 of F.R. 4–1, relating to reporting, provides that upon an occurrence of loss or damage to Commonwealth property, a loss/damage report shall be submitted by the employee responsible for the loss or damage. *Id.* Section 1.06(A) of F.R. 4–1, relating to administrative review, requires that an employee requesting an administrative review submit a loss/damage report to his or her Troop Commander or Bureau Director. Within ten days, that official shall conduct an administrative review of all the circumstances of the loss or damage. The review may be conducted either as an informal hearing or as an evaluation of written

---

**2.** Our review of a final order of a Commonwealth agency is limited to a determination of whether the essential findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Rodgers v.* *Pennsylvania State Police,* 759 A.2d 424 (Pa. Cmwlth.2000), *appeal denied,* 565 Pa. 658, 771 A.2d 1292 (2001).

**3.** Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1—217.10.

documentation. Upon completion of the review, the Troop Commander/Bureau Director shall forward a report and all appropriate documentation to the Deputy Commissioner of Staff. *Id.* at 7; R.R. 16a.

Pursuant to 1.06(B) of F.R. 4–1, the Deputy Commissioner of Staff shall make a determination of negligence or non-negligence and, if applicable, assign a cost to the lost property. The Deputy Commissioner's determination is then returned to the employee.

Section 1.07(A) of F.R. 4–1, relating to appeals, provides:

*Members:* Members have the right of final adjudication by the Board of Appeals established for that purpose. Members choosing to appeal shall complete the form and return it to the Deputy Commissioner of Staff to arrive not later than 45 days after the initial determination of the Deputy Commissioner of Staff. Members may submit correspondence to the Deputy Commissioner of Staff to accompany their appeal, describing any mitigating circumstances they believe are applicable for consideration in the appeal. If a timely appeal is not received, the Deputy Commissioner of Staff may issue an order for payment or reimbursement of replacement or repair cost.

*Id.* at 8; R.R. 17a.

To support their position that the Board's order is an appealable adjudication of a Commonwealth agency, Petitioners cite *In re Appeal of Gomez,* 688 A.2d 1261 (Pa.Cmwlth.1997), where this Court determined that a final letter from the Berks County Housing Authority to a Section 8 participant informing her that she had to repay the Authority $758.25 in order to continue to participate in the Section 8 Program was an appealable adjudication. In *Gomez,* this Court stated:

Here, the letters from the Authority, which sustained in part the alleged damages to Gomez's previous residence, impacted upon Gomez's personal and property rights by creating a duty or obligation to repay the money to the Authority under the pain of being disqualified from the Section 8 Program. Moreover, as the letters did not indicate any further rights of appeal, they represented the Authority's final decision in this matter. As such, the letters clearly constituted an "adjudication" under 2 Pa.C.S. § 101, from which Gomez has a statutory right of appeal pursuant to 2 Pa.C.S. § 752.

*Id.* at 1263.

Petitioners also cite *Holloway v. Lehman,* 671 A.2d 1179, 1181 (Pa.Cmwlth. 1996), where this Court recognized that "[p]rivate property cannot be taken by the government without due process" and determined that in cases where an individual loses property as a result of the action of a Commonwealth agency or official, the Agency Law sets forth the minimum due process requirements the agency must meet. In *Holloway,* this Court recognized that a decision of the Commissioner of the Department of Corrections, through his subordinates, to take money from an inmate's account without the inmate's consent was an adjudication under the Agency Law.

We further noted in *Holloway* that at a minimum, the Agency Law requires that the party whose property rights were affected by an agency action be given an opportunity to be heard, to have all testimony recorded and to have a full and complete record of the proceedings kept. Furthermore, the individual must be permitted to examine and cross-examine witnesses. In addition, the individual is entitled to a written adjudication which

contains findings of fact and reasons for the decision.

█ Clearly, the Board's proceeding in the present case was an agency adjudication that did not meet the minimum due process requirements of the Agency Law. *Gomez; Holloway.* Scales was not afforded an opportunity to be heard or cross-examine witnesses, no record of the proceedings was taken and the Board's order contained neither findings of fact nor adequate reasons for the Board's decision.

Respondents, however, contend that the Board's order is not a final order of a Commonwealth agency because the Board is a contractual creation of the parties, which have no authority to create a Commonwealth agency. We disagree. Clearly, the PSP is a Commonwealth agency.

Pursuant to Section 1.02(A) of PSP's F.R. 4-1, the Board is to be comprised of one representative each from the Office of Administration, the PSP and the PSTA. Section 1.02(A) further provides that the Board is to be convened, as needed, to adjudicate appeals from the initial determinations of the Deputy Commissioner of Staff regarding loss or damage to Commonwealth property or equipment.

After reviewing the record, including F.R. 4-1, it appears to this Court that the Board is part of a process established by the PSP to resolve issues concerning loss or damage to Commonwealth property or equipment caused by PSP employees. The entire procedure for dealing with loss or damage issues, including an appeal to the Board, is contained in the PSP's field regulations.

█ Although the language of Article 28, Section 10 of the CBA indicates that the parties agreed to accept the findings of the Board as final and binding regarding loss or damage issues, it does not reflect the intent of the PSTA to waive its members' rights to due process under the Agency Law. This Court does not believe that the PSTA, in agreeing to accept the Board's determination as final and binding as to loss or damage claims by the PSP, has thereby consented to permit the Board to deprive its members of their personal property without affording them at least minimum due process rights under the law.

█ To reiterate, inasmuch as the Board's September 4, 2001 order affected Scales' property rights by denying him reimbursement for the monies withheld by the PSP, it was an adjudication of a Commonwealth agency. *Gomez.* Hence, at a minimum, Scales must be afforded a hearing at which he may present evidence and cross-examine any witnesses who testify against him. In addition, Scales is entitled to a record of the proceedings as well as a written adjudication by the Board containing findings of fact and reasons for its decision. *Holloway.*

Citing, *inter alia, Pavonarius v. City of Allentown,* 157 Pa.Cmwlth. 116, 629 A.2d 204 (1993), Respondents concede in their brief that if this Court concludes that the Board's order constitutes an adjudication, the Agency Law provides that where there is no record of a hearing, the adjudication is not valid. We agree with Respondents that in view of the fact that there was no hearing, no record established and no findings of fact made by the Board, the proper remedy is to remand this matter to the Board for further proceedings which meet the due process requirements for Commonwealth agency adjudications contained in Sections 504, 505 and 507 of the Agency Law, 2 Pa.C.S. §§ 504, 505 and 507. *See Holloway; Rockwell v. Pennsylvania State Horse Racing Comm'n,* 15 Pa. Cmwlth. 348, 327 A.2d 211 (1974).

In view of the foregoing, we deny Respondents' motion to quash, vacate the Board's September 4, 2001 order and remand this matter to the Board for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 31st day of May, 2002, Respondents' Motion to Quash Petitioners' Petition for Review is DENIED and the September 4, 2001 order of the Pennsylvania State Police Board of Appeals is VACATED and this matter is REMANDED to the Pennsylvania State Police Board of Appeals for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.