**Nichole Beswick UZARSKI, Petitioner**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 9, 2015.

Decided May 19, 2015.

Sean T. Welby, Harrisburg, for petitioner.

Joanna Reynolds, Assistant Counsel, Harrisburg, for respondent.

BEFORE: BONNIE BRIGANCE LEADBETTER, Judge, ROBERT SIMPSON, Judge, and P. KEVIN BROBSON, Judge.

OPINION BY Judge BONNIE BRIGANCE LEADBETTER.

Liquor Enforcement Officer (LEO) Nicole Beswick Uzarski (Petitioner), a civilian employee of the Pennsylvania State Police (PSP), petitions for review of a PSP-issued decision dated November 13, 2013, determining that the damage to a PSP-issued Garmin GPS unit constituted negligence and denying her request for Board of Appeal review.[1] We vacate PSP's decision and remand this matter for further proceedings at the agency level which satisfy the due process requirements for Commonwealth agency adjudications set forth in the Administrative Agency Law (the Law).[2]

■■■ In September 2013, Petitioner advised the Acting District Officer Commander–Pittsburgh of the Bureau of Liquor Control Enforcement (Commander) that the screen on her assigned GPS unit was broken. In a memo to the Bureau Director, the Commander indicated that Petitioner had advised him that: (1) she had stored the unit, with the charger, in the center console of her vehicle in an effort to prevent theft of the unit in the predominately high crime areas in which she worked; (2) the unit may have rubbed against the charger thereby causing the screen to crack; and (3) she was request-

ing a review as to the replacement of the unit. In response, the Acting Western Section Commander of the Bureau issued a memo to the Bureau Director indicating that: (1) the unit should not have been stored in a position where it could be damaged; (2) the screen should not have broken easily and, therefore, must have endured unusually hard contact; and (3) he was recommending that Petitioner be deemed negligent in the manner in which she stored and cared for the unit.

Subsequently, the Director of Staff Services issued an October 2 memo to the Bureau Director, which PSP maintains constituted the final order in this matter. In pertinent part, the memo provided as follows:

1. As per Reference (a) [field regulation on loss of or damage to Commonwealth property or equipment (FR 4–1) ], LEO Beswick Uzarski has been determined to be *Responsible* for the damage to the Garmin GPS Unit.... Please have him [sic] prepare a check made payable to the Commonwealth of Pennsylvania in the amount of *$117.00* and submit it to the Bureau of Staff Services, 1800 Elmerton Avenue, Harrisburg, PA 17110, within 45 days.

2. If you [Bureau Director] have any questions regarding this matter, please contact me at 717–783–5483.

October 2, 2013 Memo at 1; Reproduced Record (R.R.) at 17a (emphasis in original). In addition, the October 2 memo listed as an enclosure the report of damage form that Petitioner submitted.[3]

---

**1.** Notwithstanding the petition for review and, consequently, the caption, the record reflects that the correct spelling of Petitioner's first name is "Nicole."

**2.** 2 Pa.C.S. §§ 501–508, 701–704.

**3.** The bottom portion of the form is reserved for official signatures and determinations.

The first signature is in Box 11, marked "Troop Commander or Bureau/Office Director," dated September 27, 2013, and indicating, "recommend negligence." The second signature is in Box 13, marked "Deputy Commissioner of Staff," dated October 1, 2013, and indicating a determination of "neg-

Although the record is devoid of written evidence as to how she learned of the contents of the October 2 memo,[4] Petitioner filed a "Request for Review by Board of Appeal" of the decision deeming her responsible for the damage. Therein, she stated that PSP did not provide her with a carrying case for the unit, that Garmin makes such cases, that it would have been irresponsible for her to store the unit in open view and that it was not practical for her to store it in the trunk of her vehicle.

On November 5, 2013, Petitioner submitted a check for $117. On November 13, PSP denied her request for review in a memo from the Bureau Director to the Commander, with the following subject matter: "Appeal of Determination of Loss or Damage to Commonwealth Property–Liquor Enforcement Officer (LEO) Nicole Beswick Uzarski." The body of the memo provided as follows:

> 1. I [the Bureau Director] have reviewed Reference (b) [report of damage form], and in concurrence with the Dep-uty Commissioner of Staff, have determined the damage to the Garmin GPS Unit to fall within the definition of negligence as outlined in FR 4–1 [field regulation on loss of or damage to Commonwealth property or equipment].
>
> 2. I have also received and reviewed Reference (c), the [October 17, 2013] Request for Board of Appeal Review submitted by LEO Beswick Uzarski. As stated in Reference (a) [FR 4–1, ¶ 1.07A], the right of adjudication from the Board of Appeal is applicable only to "members [sworn state troopers]."[5] Therefore, the request for appeal is denied.
>
> 3. Payment in the amount of $117.00 was forwarded through channels and has been received. The reimbursement check shall be forwarded to the Bureau of Staff Services according to regulation.

November 13, 2013 Memo, Appendix "A" to Petitioner's Brief (emphasis and footnote added).[6] Notwithstanding the fact

---

[ligence" in Box 12. September 10, 2013 Report of Damage form at 1; R.R. at 16a.

4. Pursuant to the field regulation applicable to PSP civilian employees, "[t]he determination of the Deputy Commissioner of Staff shall be returned to the Director, Bureau of Staff Services for immediate return to the individual." FR 4–1, ¶ 1.07(B); R.R. at 7a.

5. Field Regulation 4–1, paragraph 1.07A, provides as follows:

> 1.07 Appeal
> Members: members have the right of final adjudication by the Board of Appeal. Members choosing to appeal shall complete the form and return it to the Director, Bureau of Staff Services, to arrive no later than 45 days after the initial determination of the Deputy Commissioner of Staff. Members may submit additional correspondence to accompany their appeal, describing any mitigating circumstances they believe are applicable for consideration in the appeal. If a timely appeal is not received

the Deputy Commissioner of Staff may issue an order for payment or reimbursement of replacement or repair costs.
F.R. 4–1, ¶ 1.07A; R.R. at 7a.

6. The provisions applicable to PSP civilian employees provide as follows:

> 1.06 ADMINISTRATIVE REVIEW
> A. Troop Commander or Bureau/Office Director: Personnel requesting administrative review shall submit a Loss of or Damage to Commonwealth Property or Equipment report and any related documents to their Troop Commander or Bureau/Office Director. Within ten days of receipt of the report, the Troop Commander or Bureau/Office Director shall conduct an administrative review of all the circumstances of the loss or damage. The Troop Commander or Bureau/Office Director shall have the option of conducting the administrative review as either an informal hearing or an evaluation of written documentation only. Upon completion of the administrative review, the Troop Commander or Bureau/Office Director shall forward the report, in-]

that the word "adjudication" appeared on the bottom right corner of the memo, there was no indication that the author copied Petitioner and it contained no written notice regarding appeal rights or a time limit in which to respond; it simply indicated that the right to an adjudication from the Board of Appeal was applicable only to members. Petitioner's petition for review to this Court followed on December 11.

Petitioner argues that the November 13 memo is a final, appealable adjudication under the Law because there is a property right to keep one's own earned income and the language of the memo constitutes a determination of financial responsibility under the field regulation governing loss or damage to Commonwealth property. *See In re Appeal of Gomez*, 688 A.2d 1261, 1263 (Pa.Cmwlth.1997) (letter imposing damages impacted upon Gomez's personal and property rights by creating a duty or obligation to pay money such that it was a final adjudication, especially where letter did not indicate a further right of appeal). In support, she cites the definition of "adjudication," which provides, in pertinent part, as follows: "Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all parties to the proceeding to which the adjudication is made...." Section 101 of the Law, 2 Pa. C.S. § 101. Consistent with her argument, she maintains that she was entitled to appeal from the memo pursuant to Section 702 of the Law, which provides as follows:

> Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeal by or pursuant to Title 42 relating to judiciary and judicial procedure.

2 Pa.C.S. § 702. Accordingly, because the November 13 memo affected her property rights, she maintains that PSP had to afford her the requisite due process rights under the Law.

In *Pennsylvania State Troopers Association v. Pennsylvania State Police*, 800 A.2d 995 (Pa.Cmwlth.2002) (*PSTA* ), the Board of Appeal had affirmed PSP's decision to withhold monies from a state trooper for damage to a PSP vehicle. Citing *Gomez*, we determined that the Board's order constituted a final adjudication and concluded that, "inasmuch as the Board's ... order affected [the officer's] property rights by denying him reimbursement for the monies withheld by the PSP, it was an adjudication of a Commonwealth agency." *PSTA*, 800 A.2d at 1000. In the present case, the November 13 memo similarly affected Petitioner's property rights. In fact, it bore the label "adjudication" on the bottom right corner.

 However, PSP does not dispute that there was an adjudication issued in this case. Rather, PSP argues that the final decision occurred on October 2, when the Deputy Commissioner of Staff deter-

cluding a brief synopsis of the review and all appropriate documentation, to the Director/Bureau of Staff Services for further processing. [Emphasis added.]

B. Deputy Commissioner of Staff: The Deputy Commissioner of Staff shall make a determination of negligence or nonnegligence, and if applicable, a determination of

non-attribution, and if applicable shall assign the replacement or repair cost of the property or equipment. The determination of the Deputy Commissioner of Staff shall be returned to the Director, Bureau of Staff Services for immediate return to the individual.

FR 4–1, ¶ 1.07(A); R.R. at 7a.

mined that Petitioner was negligent, and not on November 13, when the Bureau Director denied her request for board review. Accordingly, PSP asserts that Petitioner's appeal on December 11 was untimely, and requests that it be dismissed. It argues that she had "constructive notice" that the October 2 determination was a final order, via her allegedly unfettered access to PSP's regulations through the PSP eLibrary application, that board review was not available to her as a civilian employee and was available only to members.

■ The problem with PSP's argument is that neither the October 2 nor the November 13 memos meet the minimum due process requirements under the Law. As far as the record reflects, neither order was served on Petitioner, nor did either advise her of any right to appeal. PSP would have this Court conclude that adequate notice to trigger an appeal period was rendered where Petitioner had to deduce it from a string of memos, none of which even indicated that she was sent a copy. Section 507 of the Law, *inter alia,* requires that all adjudications of a Commonwealth agency be served upon all parties or their counsel, personally or by mail. 2 Pa.C.S. § 507. A memo between two other parties, with no indication that the aggrieved person was even copied, does not constitute adequate notice of a final determination under the Law. *Compare Whittaker v. Pa. State Police,* 100 Pa. Cmwlth. 631, 515 A.2d 347, 350 (1986) (letter to petitioner constituted final adjudication where it finally determined that he was disqualified as a candidate for appointment as a PSP cadet and "stated that the Appeal Board's decision was 'the last step in the State Police Cadet processing cycle' "). *See also Lake Erie Promotions,*

*Inc. v. Erie County Bd. of Assessment Appeals,* 60 A.3d 194, 199 (Pa.Cmwlth. 2012) (where the board failed to clearly indicate which communication it intended to be its final decision on a tax assessment appeal, we held that the school district "should not be deprived of its right to appeal as the result of the confusion *caused by* the [b]oard's actions in communicating its decision on the tax assessment appeal."). (Emphasis in original). Accordingly, in the absence of service on Petitioner and, therefore, adequate notice of the decision, and the complete lack of any notice regarding her right to appeal, the October 2 memo simply was insufficient to trigger a thirty-day limit within which to file a petition for review.[7]

In its brief, PSP concedes that:

Petitioner correctly asserts that there was a violation of procedural due process because there was a property deprivation without an opportunity to present evidence, cross-examine witnesses, or to develop a transcript of such a proceeding.... [Therefore, if the timeliness issue is resolved in Petitioner's favor,] [t]he correct remedy is both to render the adjudication invalid and to remand the case for further proceedings in the agency.

Brief for Respondent at p. 15.

We agree. PSP's field regulation, which provides that the right to a hearing is available only to members, cannot justify depriving Petitioner of the basic due process protections provided under the Law. PSP has attempted via regulation to artificially afford due process protection to some employees and to deny it to others. There is no support in the Law for such

---

**7.** Of course, the November 13 memo was similarly flawed, but that is of no moment since Petitioner appealed within thirty days of that decision.

disparate treatment.[8] Section 504 of the Law, in pertinent part, provides that: "No adjudication of a Commonwealth agency shall be valid as to *any* party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard...." 2 Pa.C.S. § 504 (emphasis added). Moreover, in *Holloway v. Lehman,* 671 A.2d 1179, 1181 (Pa.Cmwlth.1996), this Court noted that, "[w]hat process is due, at a minimum, to one who has lost property via the action of a Pennsylvania State agency or Commonwealth official is addressed in the [Law]."[9]

Accordingly, we vacate PSP's decision and remand this matter for further proceedings at the agency level which meet the due process requirements for Commonwealth agency adjudications set forth in the Law.

### ORDER

AND NOW, this 19th day of May, 2015, the order of the Pennsylvania State Police is hereby VACATED and this matter is REMANDED for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

**8.** There is also no support in the Law for the suggestion made at oral argument that Petitioner's due process rights may have been waived by a provision in the parties' collective bargaining agreement (CBA) which limited members' rights in disputes amounting to less than $250. Aside from the fact that the CBA is not in the record, in *PSTA,* we made the following observation regarding the CBA and its effect on members:

> This Court does not believe that the PSTA, in agreeing to accept the Board's determination as final and binding as to loss or damages claims by the PSP, has thereby

consented to permit the Board to deprive its members of their personal property without affording them at least minimum due process rights under the law. *PSTA,* 800 A.2d at 1000.

**9.** This Court has held that, at a minimum, these rights include an opportunity to be heard, to have testimony be recorded, to have a full and complete record of the proceedings be kept, the right to examine and cross-examine witnesses and a written adjudication with findings and reasons for the decision. *Id.* at 999–1000.